UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROY YOUNG,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, N.Y.C POLICE OFFICER
KEVIN BLAKE, SHIELD #2740, POLICE OFFICER
JUAN BERRIO, SHIELD #28430, AND POLICE
OFFICER JOSUE RIVERA, SHIELD #03516, EACH
SUED INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 5453 (WHP)

JURY TRIAL DEMANDED

        Defendants Kevin Blake and Josue Rivera, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows[1]:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action, invoke the jurisdiction of the Court and base venue as stated therein.

        3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Defendants The City of New York and Juan Berrio filed their answer to the complaint on September 4, 2007.

4. Defendants state that the allegations contained in paragraph "4" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and maintains a police department.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York trains police officers.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports that he "double-parked."

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff exited his vehicle.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff purports to have "dared the officer."

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, including all subparts thereto, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 6, 2006.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 6, 2006.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 6, 2006 and that this purported claim has not been settled.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff filed the instant action on or about June 8, 2007.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to paragraph "37" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "36" as though fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to paragraph "41" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "40" as though fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to paragraph "46" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "45" as though fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to paragraph "49" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "48" as though fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to paragraph "52" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "51" as though fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to paragraph "56" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "55" as though fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

60. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, defendants Blake and Rivera acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants Blake or Rivera.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

64. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

66. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

67. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

68. Plaintiff has failed to comply with the conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

69. Plaintiff has failed to comply with New York General Municipal Law §§50-(e) and (i).

**WHEREFORE,** defendants Kevin Blake and Josue Rivera request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              October 4, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-208
                                    New York, New York 10007
                                    (212) 788-1895

                    By:     _____/s/_____
                               Jessica T. Cohen (JC 0044)
                               Assistant Corporation Counsel

To:     Steven A. Hoffner, Esq.
          Attorney for Plaintiff
          350 Broadway, Suite 1105
          New York, New York 1105 (ECF)

Docket No. 07 CV 5453 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY YOUNG,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C POLICE OFFICER KEVIN BLAKE, SHIELD #2740, POLICE OFFICER JUAN BERRIO, SHIELD #28430, AND POLICE OFFICER JOSUE RIVERA, SHIELD #03516, EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

                            Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2007*

*................................................................ Esq.*

*Attorney for .......................................................*